Karen L. Jacobsen - 125684
Brian P. Dolin - 182971
**JACOBSEN & McELROY PC**
2401 American River Drive, Suite 100
Sacramento, CA  95825
Tel.     (916) 971-4100
Fax     (916) 971-4150
kjacobsen@jacobsenmcelroy.com
bdolin@jacobsenmcelroy.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUGHES,<br><br>  Plaintiff,<br><br> vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: 2:21-CV-00221-MCE-DB<br><br>**STIPULATED PROTECTIVE ORDER RE NONDISCLOSURE OF PROPRIETARY AND/OR CONFIDENTIAL INFORMATION, DOCUMENTS, TESTIMONY AND THINGS** |

WHEREAS, the parties, through their attorneys of record, jointly agree and stipulate that the entry of a protective order pursuant to the Federal Rule of Civil Procedure 26(c) should be applied to this matter;

WHEREAS, a protective order will expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect confidential material:

NOW THEREFORE, having found good cause, it is hereby ORDERED THAT:

**1.    PURPOSE**

During the course of this litigation (including pre-litigation investigation as well as discovery and investigation conducted during the litigation and through trial and appeal), there

may be information, documents, testimony and things disclosed, discovered or produced by a party or parties which at least one party considers confidential, proprietary, private or sensitive in nature. A party asserting material is confidential, proprietary, private or sensitive may suffer harm if such material is published, disclosed or disseminated for any purpose other than investigation and preparation for the trial and appeal of *this* action. The parties therefore seek to establish a mechanism to provide special protection from any further disclosure of such material, and accordingly petition the court to enter the following Stipulated Protective Order which will govern all pre-litigation investigation undertaken in the above-captioned matter, as well as all discovery and investigation which has taken place up to the date this Stipulation is fully executed, and which may take place hereafter, through trial and appeal.

**2. DEFINITION OF "CONFIDENTIAL" MATERIAL**

"Confidential" material shall mean all documents or portions thereof (as defined in Rule 1001 of the Federal Rules of Evidence) that the producing party reasonably and in good faith believes is subject to a protective order under Federal Rule of Civil Procedure 26(c)(1). As a general guideline, material designated "Confidential" shall be confidential and sensitive information and things, specifically including material of a proprietary business nature which might be of value to a potential competitor of the party holding the proprietary rights thereto, and which therefore must be protected from disclosure to third parties. Confidential Material shall include, but not be limited to, information, documents, testimony and tangible things, regardless of how generated, stored or maintained, which any party claims in good faith to be entitled to protection, including information disclosed in interrogatory responses; documents identified and/or produced in response to requests for production; deposition testimony; and other information and/or documents and things which any party receives, produces, exchanges or discovers in connection with this action, including during its pre-litigation investigation as well as during discovery and investigation which continue during the course of the litigation, and specifically including materials falling within this definition which may have been received, produced, exchanged or discovered by any party prior to the date this Stipulation is fully executed, as well as extracts, abstracts, copies and summaries thereof.

**3.     LIMITATIONS ON USE OF MATERIAL DESIGNATED "CONFIDENTIAL"**

(a)  Information designated "Confidential" shall be used by the parties and their agents, employees, representatives, consultants and experts, solely in connection with *this* litigation, and not for any other purpose, including not for any other business, commercial, competitive or litigative purpose.

(b)     No copies, extracts or summaries of any "Confidential" material shall be made *except* by or on behalf of counsel for use solely in connection with and during the duration of *this* litigation.  All such copies, extracts or summaries shall be treated as "Confidential" material, and none shall be delivered, exhibited to, disclosed or distributed to any person or entity except as specifically provided herein.

(c)     This Stipulated Protective Order is intended solely to facilitate the preparation for trial and/or appeal of this action, and nothing herein shall be construed as an admission or agreement by any party that "Confidential" material hereunder constitutes confidential or proprietary material.

(d)     Nothing in this Stipulated Protective Order shall be deemed to preclude the parties from seeking permission of the Court to disclose information which has been designated "Confidential" by one or more parties to this litigation on the ground that such material is in fact *not* confidential.

(e)     If any party seeks to file a motion on this issue, the parties agree the party seeking disclosure of material asserted to be "Confidential" may, with Court approval, file such a motion on shortened time.

**4.     DESIGNATING "CONFIDENTIAL" PROTECTED MATERIAL**

(a)     WRITTEN and ELECTRONICALLY GENERATED, STORED AND/OR MAINTAINED MATERIALS

A party may, in good faith, designate documents, materials and other written materials as described in Paragraph 2, above, as "Confidential" (including but not limited to written information and materials produced in written discovery responses, as well as electronically generated, stored and/or maintained materials), by prominently marking the material

"CONFIDENTIAL" at the time such material is produced. A party may also, in good faith, designate such material "Confidential" in a timely manner after it becomes known to the party seeking protection that written and/or electronic materials asserted to be "Confidential" have become known to or have come into the possession of another party to this litigation, or to another party's agents, employees, representatives, consultants and/or experts.

(b)  DEPOSITION TESTIMONY AND EVIDENCE

A party may, in good faith, designate deposition testimony and/or evidence produced at deposition as "Confidential" by orally making this designation on the record either at the commencement of the deposition, at the time "Confidential" testimony is given and/or "Confidential" evidence is shown to a witness and/or marked as an Exhibit, and/or before the end of that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the outside of each such transcript *and* on all portions thereof containing the "Confidential" testimony and/or evidence.

(c)   TRIAL AND MOTION TESTIMONY AND EVIDENCE

Subject to Federal Rules of Civil Procedure, the Federal Rules of Evidence, and Local Rules of this Court, Confidential material may be offered into evidence at trial or any court proceeding. If, during trial or in connection with any motion or other court proceeding, a party intends to offer into evidence or to otherwise disclose, discuss, or examine a witness as to "Confidential" material, counsel for the party seeking disclosure shall so inform counsel for the party to which the material relates (the "affected party"), a reasonable time in advance of such proposed action in order that counsel for affected party may take timely action to preserve the confidentiality of the material and the other rights of the affected party. No potentially public court documents (such as trial briefs, moving papers, proposed jury instructions or other documents filed or lodged with the Court) shall refer to or disclose any "Confidential" material *unless* such documents are filed under seal with the Court, *or* unless the confidentiality of such information has been removed by agreement of counsel, *or* unless counsel for the party seeking disclosure has previously obtained a valid Order of this Court permitting, and describing the extent of, such disclosure, discussion or examination at trial.

**5.     PERMISSIBLE DISTRIBUTION OF "CONFIDENTIAL" MATERIAL**

"Confidential" material may be inspected by, disclosed, exhibited or distributed to the following persons only:

(a)  Counsel for the parties and their support staff, including paralegal assistants and clerical employees of counsel engaged in the preparation of *this* action for trial and/or appeal;

(b)  Deponents, in preparation for and/or during the course of their depositions; deposition notaries and court reporters, and their staffs, as necessary only to produce or copy the transcript of this deposition;

(c)  Independent experts, consultants, investigators and advisors employed or retained by counsel to perform investigative work, research, analysis or other service necessary to the preparation of *this* action for trial and/or appeal;

(d)  Parties, including executives, officers and employees of a party, engaged in assisting counsel in this litigation, but only to the extent such material is relevant to said person's work in *this* action.

**6. STORAGE OF "CONFIDENTIAL" MATERIAL DURING LITIGATION**

(a)   All "Confidential" material shall be kept in secure facilities at the offices of counsel for each party hereto during the pendency of this litigation.

(b)   Counsel for each party hereto agrees to ensure that if "Confidential" material is provided to other persons or entities, such as consultants, experts, advisors and investigators, as permitted hereunder, the "Confidential" material shall be securely stored in the office of said consultant, expert, advisor or investigator so that the material is available only to those persons properly having access to the material pursuant to the terms of this Stipulated Protective Order.

(c)   All parties, their counsel, and the consultants, experts, advisors, investigators and others who have permissibly received "Confidential" material hereunder, acknowledge they are bound by this Stipulated Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

(d)   If a party or its counsel, or a permissible outside recipient, (the "receiving party") learns "Confidential" material has been disclosed to any person or entity, through inadvertence

or in any circumstance not authorized hereunder, the receiving party must immediately notify all counsel in writing of the unauthorized disclosure and to whom or what it was made, must use its best efforts to retrieve all copies of improperly distributed "Confidential" material, and must promptly request that such person or persons execute a written acknowledgment and agreement to be bound by this Stipulated Protective Order.

**7. RETURN OF "CONFIDENTIAL" MATERIAL AT CONCLUSION OF LITIGATION**

Within thirty (30) days of the final determination of this action, all persons (excluding court personnel) to whom documents containing "Confidential" material have been disclosed, exhibited, provided, produced, disseminated or received in any manner, including electronic transmission, (the "recipient"), including abstracts, extracts, summaries and copies thereof, shall destroy or return <u>all</u> such material to counsel for the party which originally designated the material "Confidential".

**IT IS SO STIPULATED BY THE PARTIES:**

**SIGNATURES ON FOLLOWING PAGE**

-6-

Stipulated Protective Order / Case No. 2:21-CV-00221-MCE-DB

DATED: July 27, 2021          **LAW OFFICES OF CORREN & CORREN**

By:  */s/ Adam Blair Corren*
　　　―――――――――――――――――――
　　　Adam Blair Corren
　　　Spencer Dl Sinclair
　　　Law Offices of Corren & Corren
　　　3425 Brookside Rd., Ste. B
　　　Stockton, CA 95219
　　　209-478-2621
　　　209-478-3038 [fax]
　　　ssinclair@correnlaw.com
　　　acorren@correnlaw.com
　　　office@correnlaw.com
　　　Attorneys for Plaintiff, DENISE HUGHES

DATED: July27, 2021          **JACOBSEN & McELROY PC**

By:  */s/ Brian P. Dolin*
　　　―――――――――――――――――――
　　　Karen L. Jacobsen
　　　Brian P. Dolin
　　　Jacobsen & McElroy PC
　　　2401 American River Drive, Suite 100
　　　Sacramento, CA  95825
　　　916-971-4100
　　　916-971-4150 [fax]
　　　kjacobsen@jacobsenmcelroy.com
　　　bdolin@jacobsenmcelroy.com
　　　Attorneys for Defendant, COSTCO
　　　WHOLESALE CORPORATION

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In

brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

    3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

    4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

    5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

    6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

    7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

    8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: July 28, 2021                        /s/ DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE